## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

EAGLE CREEK CONSTRUCTION AND,  §
DEVELOPMENT, INC.,              §
                                §
        Plaintiffs,             §
vs.                             §   CIVIL ACTION NO. H-11-cv-1862
                                §
GLOBAL GREEN HOLDINGS, LLC,     §
BRIAN WALKER DBA WALKER         §
FUNDING AND DAVID R. BENNETT    §
                                §
        Defendants.

## ORDER

In this commercial litigation dispute, Defendant Brian Walker dba Walker Funding has filed a Motion for Sanctions against the attorney representing Plaintiff, Eagle Creek Development, Inc. After hearing argument on the motion, and having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **denies** the Motion for Sanctions.

## Background

Plaintiff, Eagle Creek Construction and Development, Inc. ("Eagle Creek") filed this action against Global Green Holdings, LLC ("Global Green"), Brian Walker dba Walker Funding ("Walker"), and David R. Bennett ("Bennett"). The basis of Eagle Creek's lawsuit is a "memorandum of understanding with Defendants to fund Applegate Hills, a planned urban community located in Northwest Arkansas" and a related "Facilitation Fee Agreement," under which Eagle Creek agreed to transfer $20,000 to Bennett and Global Green. (Dkt. # 2). Eagle Creek sued Defendants for breach of

1

contract, conversion, negligence, and constructive trust, alleging that the Defendants "failed and refused to fund the agreed upon amount," and that Defendants, including Walker, further "fail[ed] to return the facilitation fee" as required under their agreements. According to Eagle Creek's complaint, Walker "facilitated" the agreements and the transfer of money to Bennett and Global Green. (Id.).

All three Defendants were served, but only Walker has appeared in the suit. A default judgment against Global Green and Bennett was entered by United States District Judge Nancy F. Atlas on December 20, 2011 in the amount of $3,591,347.69.

Walker, appearing pro se, filed an answer and counterclaims against Eagle Creek. (Dkt. # 30). Walker denies the allegations of Eagle Creek's complaint, alleging that they were "spurious and completely meritless." (Id.). Walker also alleges various affirmative defenses, and asserts a counterclaim for negligence, attorney's fees and costs, general and compensatory damages, and punitive damages. (Id.). Walker alleges in his counterclaim that Eagle Creek's lawsuit was filed for an improper purpose. (Id.).

Walker also filed a Motion for Sanctions. (Dkt. # 41). In this motion, Walker seeks sanctions against Eagle Creek's attorney, Caldwell Fletcher, and Fletcher's current and previous law firms. (Id.). Walker bases his motion for sanctions on Fletcher's filing and signing of Eagle Creek's complaint. Walker argues that Fletcher's conduct violated Federal Rule of Civil Procedure 11 because the complaint contains "frivolous" allegations that were not "objectively reasonable because they lacked any basis in law or fact" and because the lawsuit was "brought for an improper purpose." (Id.). Walker seeks sanctions in the form of "a direct payout of fees, reasonable costs and expenses to

2

Walker in order that Walker should not have to pay to clear the tarnish of this frivolous lawsuit to his name." (Id.).

## Analysis

Federal Rule of Civil Procedure 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990). "An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction.' Such a sanction may, but need not, include payment of the other parties' expenses." *Id.; see also Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir.) (stating that an attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). In determining compliance with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (en banc) (internal quotations omitted). "The reasonableness of the conduct involved is to be viewed at the time counsel . . . signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991).

Rule 11 (c)(2) states that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" for failure to conduct a reasonable pre-filing investigation to determine whether a viable claim existed against the named defendants. *See, e.g., Worrell v. Houston Can!*

*Academy*, 287 Fed. App'x. 320 (5th Cir. July 16, 2008) (affirming district court's ruling that an attorney and his law firm's conduct in failing to conduct a reasonable pre-filing investigation to determine whether a corporation was a proper defendant warranted a monetary sanction of reimbursement of attorney's fees to the injured party).

In this case, Eagle Creek's Complaint satisfies the mandates of Rule 11. Although Walker's Motion for Sanctions asserts that Fletcher filed suit on behalf of Eagle Creek without adequate investigation, Fletcher and Eagle Creek have submitted correspondence into the record showing Walker's alleged culpability for Eagle Creek's damages in this case. The correspondence reflects that Walker represented to Eagle Creek that the $2,600,000 in funding for the Arkansas project had been secured "by Walker Commercial Funding" from Global Green. (Exhibit A, Dkt. # 43). Further, Walker was a signatory to a Service Agreement with Eagle Creek relating to "the business of providing financing from its funding sources to its clients" and promised to use its "best efforts" to secure such funding for Eagle Creek. (Exhibit B, Dkt. # 43). While Walker argues that there is "no evidence" that he breached the alleged contract or was negligent in handling this transaction, he does not allege that there has been any mistake in his identity or capacity as set forth in the Complaint, nor does he allege that there has been any factual misrepresentation as to whether he is indeed a signatory to the agreements at issue. Thus, the Court finds that Eagle Creek has articulated a factual nexus between Walker and the misconduct and damages alleged in the Complaint. *Compare, e.g., Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (district court's imposition of sanctions under Rule 11 upheld where client representative was "entirely unable to articulate a

4

factual nexus between any of the Defendants and verifiable money laundering activity," organized crime, terrorism financing, or any of the other "sensational allegations peppered throughout the complaint").

Whether or not Walker breached the agreements at issue, or breached any duty he owed to Eagle Creek, is a question of fact that is clearly in dispute between the parties. However, the resolution of that question is not ripe at this time. Little if any discovery has been done in this case, and the pleadings have yet to be fleshed out with more particularity. While Eagle Creek's complaint is not one rife with concrete factual allegations of "who, what, where, when, and why" or specific allegations of "duty, breach, cause and harm," Rule 11 does not require such specificity at this stage of the litigation. *See Krim v. BancTexas Group, Inc.*, 99 F.3d 775 (5th Cir. 1996) (Rule 11 sanctions not appropriate where attorney was prevented from conducting discovery and bringing exculpatory facts to light); *compare* FED. R. CIV. P. 9(b) (requiring allegations of fraud to be pled with particularity). Walker's allegations may perhaps find more fertile ground if made in a motion under Federal Rules of Civil Procedure 12(b)(6) or 56 after more discovery has been completed.[1]

---

[1] Additionally, the Court questions whether Walker would be entitled to the full measure of his requested relief, even if Eagle Creek or Fletcher had been found to have violated Rule 11. Walker is proceeding pro se in this case, but he seeks "a direct payout of fees, reasonable costs and expenses [. . . ] in order that [he] should not have to pay to clear the tarnish of this frivolous lawsuit to his name." However, "[b]ecause a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction." *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001).

## Conclusion

At this time, the Court finds that the evidence submitted by Eagle Creek, and the allegations made in its complaint, are sufficient to satisfy the mandates of Rule 11 and are "reasonable[] under the circumstances." Accordingly, Walker's Motion for Sanctions is **denied**.

**SIGNED** at Houston, Texas on this the ___26th___ day of _April_, 2012.

_____
**GEORGE C. HANKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**